```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 JOSEPH BUNCE,

                        Plaintiff,                MEMORANDUM & ORDER
                                                  25-CV-1121 (EK)(LGD)

           -against-

 JOHN DOE C.O. #1, JOHN DOE C.O. #2,
 SUFFOLK COUNTY CORRECTIONAL FACILITY,
 and THE MEDICAL DEPARTMENT SCCF,

                        Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Joseph Bunce sues Suffolk County Correctional Facility, its medical department, and two of its correctional officers.  Proceeding *pro se*, he asserts that the defendants' failure to fix a pothole in the facility's exercise yard — which allegedly caused him to break his foot — violated his rights under the Fourth, Eighth, and Fourteenth Amendments.  He also moves to proceed *in forma pauperis*.  That motion is granted for purposes of this order, but for the reasons set forth below, the complaint is dismissed for failure to state a claim.[1]

---

[1] Bunce does not allege that he has exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA").  Compl. 2, ECF No. 1; *see also* 42 U.S.C. § 1997e(a).  But this does not preclude the Court from reaching the merits of his claim.  While the PLRA permits *sua sponte* dismissal for failure to state a claim, it does not expressly permit such dismissal for failure to exhaust.  *Id.* § 1997e(c).  There is, therefore, "no reason to suppose" that the statute permits "judicial screening of complaints specifically for failure to exhaust."  *Jones v. Bock*, 549 U.S. 199, 214 (2007).

## I. Background

The following allegations are drawn from the complaint, and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Bunce was playing basketball in the Suffolk County Correctional Facility's exercise yard. Compl. 4, ECF No. 1. He stepped into a pothole and injured his foot. *Id.* Correctional officers did not immediately tend to Bunce. *Id.* But once he had "yell[ed] out in pain," they "realize[d] [he] was really hurt" and escorted him to the facility's medical center. The facility's medical personnel initially diagnosed the injury as "just a fracture," but a doctor then determined that he had "broken" the foot. *Id.* The medical personnel set his foot and placed it in a cast. *Id.* at 5. Bunce now seeks compensatory and punitive damages of $320,000. *Id.*

## II. Legal Standard

A complaint must plead sufficient facts to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[2] A claim is plausible when it "raise[s] a right to relief above the speculative level." *Id.* at 555. The plaintiff cannot merely rely on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

When an incarcerated person brings a civil complaint concerning prison conditions, the court may dismiss it *sua sponte* if, among other things, it "fails to state a claim upon which relief may be granted." 42 U.S.C. § 1997e(c)(1). The same rule applies to a plaintiff who seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B).

A court must construe *pro se* complaints to raise the strongest arguments that they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam).

### III. Discussion

The complaint (liberally construed) appears to bring two types of claims. First, Bunce claims that the defendants violated his constitutional rights by negligently failing to repair "cracked, pot-holed grounds which should have been Black-Topped or Cemented." Compl. 5. Second, he claims that the defendants were deliberately indifferent to his medical needs after the fall. *Id.* Neither claim is sufficient to avoid dismissal.

It is hornbook law that negligence is not actionable under Section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Courts have applied this rule to dismiss complaints

3

remarkably like Bunce's. For instance, in *Tingle v. New York*, the court held that Section 1983 did not extend to negligence claims arising from a prisoner's fall "into a huge pothole that was directly next to" a prison facility's basketball court. No. 20-CV-423, 2020 WL 7711426, at *2-3 (W.D.N.Y. Dec. 29, 2020). Other courts have "routinely" reached similar conclusions. *See Anderson v. Lalley*, No. 12-CV-6355, 2015 WL 6686586, at *10 (W.D.N.Y. Oct. 29, 2015) (collecting cases).

Bunce's deliberate-indifference claim fares no better. To state a claim for deliberate indifference under the Eighth Amendment, an incarcerated person must allege that a "prison official knew of and disregarded [his or her] serious medical needs." *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000). If anything, the complaint here alleges the opposite. Bunce alleges that the defendants came to his aid "immediately" after they "realize[d] [he] was really hurt." Compl. 4. And while he suggests that facility personnel initially underestimated the severity of his injury, *id.*, he never alleges that their treatment was otherwise insufficient or improper. Thus, Bunce's deliberate-indifference claim must be dismissed.

## IV. Conclusion

For the foregoing reasons, the complaint is dismissed for failure to state a claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not

4

be taken in good faith, and therefore denies in forma pauperis status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to Bunce, to note the mailing on the docket, and to close the case.

       SO ORDERED.

                                             /s/ Eric Komitee
                                             ERIC KOMITEE
                                             United States District Judge

Dated:    July 8, 2025
            Brooklyn, New York